IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE AMERICAN HONEY PRODUCERS ASSOCIATION, INC., an Oklahoma corporation, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>        Defendant. | 1:05-cv-01619-REC-SMS<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>Plaintiffs' Motion for Summary Judgment Filing Deadline: 7/14/06<br><br>Defendant's Opposition & Cross-Motion Filing Deadline: 8/18/06<br><br>Plaintiffs' Reply & Opposition Filing Deadline: 9/8/06<br><br>Defendant's Reply Filing Deadline: 10/6/06<br><br>Summary Judgment Hearing: 10/23/06, 1:30pm, Ctrm. 3/**OWW**<br><br>Pre-Trial Conference Date: *Counsel stipulate to set IF case not resolved on summary judgment.*<br><br>Trial Date: *Counsel stipulate to set IF case not resolved on summary judgment.* |

    1.    Date of Scheduling Conference:

        March 16, 2006.

//

1

2.   Appearances of Counsel:

Brian C. Leighton, Esq., appeared on behalf of plaintiff.

Assistant United States Attorney Brian W. Enos appeared (in the place and instead of Assistant United States Attorney Kristi C. Kapetan) on behalf of defendant USDA.

3.   The Pleadings:

A.   Summary of the Pleadings.

Plaintiff, the American Honey Producers Association, Inc., is an association of honey producers, including the other plaintiffs named in the complaint, representing approximately 800 honey producers across the United States with more than fifty percent (50%) of the honey production produced in the United States. Congress passed the Honey Research, Promotion and Consumer Information Act (7 U.S.C. § 4601) which defendant oversees. The individual plaintiffs and the Association's members produce honey, deliver their honey to the relatively few honey packers that exist who then deduct assessments from the producers, pay it to the National Honey Board which then engages in primarily speech-related activities like promotion, advertising, and consumer education. Plaintiffs challenge the National Honey Act, the National Honey Board, and the assessments imposed for same on the grounds that plaintiffs' free speech rights guaranteed under the First Amendment of the United States Constitution are being violated. Plaintiffs were required to exhaust administrative remedies before the USDA, which plaintiffs did, and the Administrative Law Judge and the Judicial Officer both ruled that there is no violation because the speech in question amounts to "government speech" as defined recently by the U.S. Supreme Court in *Johanns v. Livestock*

2

*Marketing Association, et al*, __ U.S. ___, 125 S.Ct. 2055 (2005). Plaintiffs disagree and have filed this suit challenging defendant's ruling.

Defendant believes this case is governed by the decision of the U.S. Supreme Court in *Johanns* and therefore believes that there is no violation. In particular, the Government contends that all of the speech at issue in this case is government speech and there is therefore no violation of plaintiffs' First Amendment rights.

      B.   Orders Re: Amendment of Pleadings.

No amendments are proposed at this time.

4.   Factual Summary:

      A.   Admitted Facts which are deemed proven without further proceedings.

          (1)   Plaintiffs object to their assessments being used by the National Honey Board for speech-related purposes.

      B.   Contested Facts.

          (1)   The degree of control that defendant has over the speech at issue.

          (2)   Whether speech is attributed to plaintiffs or honey producers.

          (3)   Whether the Secretary of USDA approves every word for it to constitute government speech.

          (4)   Whether government speech is implicated in this case.

          (5)   Whether plaintiffs have exhausted any and all required administrative remedies before the USDA.

//

          (6)   Whether the predominant purpose of the Honey Board is to engage in speech-related activities like promotion, marketing, consumer education, advertising, trade negotiations, and government relations.

          (7)   Whether the named plaintiffs all engage in the production of honey and have assessments deducted from them by their packers who remit the assessments to the National Honey Board.

    5.   Legal Issues:

       A.   Uncontested.

          (1)   Jurisdiction

          (2)   Venue

       B.   Contested.

          (1)   The degree of control that the USDA has over the speech at issue.

          (2)   Whether speech is attributed to plaintiffs or honey producers.

          (3)   Whether the Secretary of USDA approves every word for it to constitute government speech.

          (4)   Whether government speech is implicated in this case.

          (5)   Whether plaintiffs have exhausted any and all required administrative remedies before the USDA.

          (6)   Whether the predominant purpose of the Honey Board is to engage in speech-related activities like promotion, marketing, consumer education, advertising, trade negotiations, and government relations.

//

(7) Whether the named plaintiffs all engage in the production of honey and have assessments deducted from them by their packers who remit the assessments to the National Honey Board.

6. Consent to Magistrate Judge Jurisdiction:

This case will not be assigned for all purposes, including trial, to the Honorable Sandra M. Snyder, United States Magistrate Judge, as the parties do not so consent at this time.

7. Pre-Trial Motion Schedule:

Dispositive Pre-Trial Motions will be heard on October 23, 2006 at 1:30 p.m. in Courtroom No. 3 on the Seventh Floor before the Oliver W. Wanger, United States District Judge. Counsel shall comply with **Local Rule 78-230**.

8. Pre-Trial Conference Date:

Not applicable at this time as counsel stipulate to set on a date certain at 11:00 a.m. in Courtroom No. 3 on the Seventh Floor before the Oliver W. Wanger, United States District Judge, IF the is case not resolved on summary judgment.

9. Court Trial Date:

Not applicable at this time as counsel stipulate to set on a date certain at 9:00 a.m. in Courtroom No. 3 on the Seventh Floor before the Oliver W. Wanger, United States District Judge, IF the case is not resolved on summary judgment.

10. Settlement Conference:

Should the parties desire a Settlement Conference, they will jointly request one of the Court, and one will be arranged. In making such a request, the parties are directed to notify the Court as to whether or not they desire the undersigned to conduct

the Settlement Conference or to arrange for one before another judicial officer.

11. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial:

Not applicable at this time.

12. Related Matters Pending:

There are no pending related matters.

13. Compliance with Federal Procedure:

The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the Court in the efficient administration of this case, all counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing caseload.  Sanctions will be imposed for failure to follow the Rules as provided in both the Fed.R.Civ.P. and the Local Rules.

14. Compliance with Electronic Filing Requirement:

On January 3, 2005, the United States District Court for the Eastern District of California became an electronic case management/filing district (CM/ECF).  Unless excused by the Court, or by Local Rule, attorneys shall file all documents electronically as of **January 3, 2005** in all actions pending before the court. While Pro Se Litigants are exempt from this requirement, the court will scan in all documents filed by pro se litigants, and the official court record in all cases will be electronic.  Attorneys

6

1  are required to file electronically in pro se cases.  More
2  information regarding the Court's implementation of CM/ECF can be
3  found on the court's web site at www.caed.uscourts.gov, including
4  the Court's Amended Local Rules effective January 3, 2005, the
5  Court's CM/ECF Final Procedures, and the Court's CM/ECF User's
6  Manual.
7       While the Clerk's Office will not refuse to file a
8  proffered paper document, the Clerk's Office will scan it and, if
9  improperly filed, notify the Court that the document was filed in
10 an improper format.  An order to show cause (OSC) may be issued in
11 appropriate cases regarding an attorney's disregard for the
12 requirement to utilize electronic filing, or other violations of
13 these electronic filing procedures.  See L.R. 11-110, L.R.
14 5-133(d)(3).
15      If counsel has not already done so, counsel **must** register
16 for CM/ECF as soon as possible.  On-line registration is available
17 at www.caed.uscourts.gov.  Once registered, counsel will receive a
18 login and password in approximately one (1) week.  Counsel must be
19 registered to file documents on-line.  See L.R. 5-135(g).  Counsel
20 are responsible for knowing the rules governing electronic filing
21 in the Eastern District.  Please review the Court's Local Rules
22 effective January 3, 2005, available on the Court's web site.
23      15.  Effect of this Order:
24      The foregoing Order represents the best estimate of the
25 Court and counsel as to the agenda most suitable to bring this case
26 to resolution.  If the parties determine at any time that the
27 schedule outlined in this Order cannot be met, counsel are ordered
28 to notify the Court *immediately* so that adjustments may be made,

either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations and, where appropriate, attached exhibits which establish good cause for granting the relief requested.

**FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE IMPOSITION OF SANCTIONS.**

IT IS SO ORDERED.

**Dated:   March 17, 2006**                           **/s/ Sandra M. Snyder**
icido3                                            UNITED STATES MAGISTRATE JUDGE